IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO: 5:10-CV-00113-FL

| | | |
|---|---|---|
| OWEN HARTY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TATHATA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes now before the court on plaintiff's motion to strike defendant's jury demand (DE # 14). Defendant has not filed a response and the time within which to file has lapsed. As such, the issue raised is ripe for adjudication. For the reasons that follow, plaintiff's motion is granted.

Where the right to jury trial is provided by the Constitution or statute, a party may demand a jury trial. Fed. R. Civ. P. 38. Once demanded, "trial on all issues so demanded must be by jury unless . . . the court, on motion or its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a). Where the claims at issue are only equitable, there is no right to a jury trial. See Tull v. United States, 481 U.S. 412, 417 (1987).

Here, plaintiff's complaint requests prospective injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and related litigation costs. Thus, the matter is an equitable one, and there is no right to a jury trial. See, e.g., Sharer v. Oregon, No. 04-CV-1690-BR, 2007 WL 3348265, at *3 (D. Or. 2007) (holding no right to a jury trial on ADA claim seeking only prospective injunctive relief); Cherry v. City Coll. of San Francisco, No. C 04-04981,

2006 WL 249519, at *1 (N.D. Cal. 2006) (same); Hatcher v. RMR Investment Co., No. 3:04-0817, 2005 WL 2338788, at *4 (M.D. Tenn. 2005) (same).  Accordingly, plaintiff's motion to strike defendant's demand for jury trial is GRANTED.  (DE # 14.)

SO ORDERED, this the 11th day of August, 2010.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
Chief United States District Judge